**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and HARTFORD FIRE INSURANCE COMPANY, | ) ) ) | Case No: 4:11-cv-00502-RP-TJS |
| Plaintiffs, | ) ) | HARTFORD CASUALTY INSURANCE COMPANY AND |
| v. | ) ) | HARTFORD FIRE INSURANCE COMPANY'S MOTION FOR |
| PELLA WINDOWS AND DOORS, INC., | ) ) | SUMMARY JUDGMENT |
| Defendant. | ) ) | *ORAL ARGUMENT REQUESTED* |

Plaintiffs Hartford Casualty Insurance Company ("Hartford Casualty") and Hartford Fire Insurance Company ("Hartford Fire") (collectively, "Hartford"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56, moves for summary judgment and respectfully request that this Court enter declaratory judgment Hartford's favor on Count I of Hartford's Complaint for Declaratory Judgment.  In Support of its Motion, Hartford submits its Statement of Undisputed Facts and its Memorandum of Law in Support filed contemporaneously herewith, and states as follows:

1. Hartford issued general liability insurance policies (the "Hartford Policies") to defendant Pella Windows and Doors, Inc. ("Pella") for the time period 12/1/93-9/1/98.  The Hartford Policies do not provide coverage in the absence of an "occurrence" which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

2. Hartford brings this action for declaratory judgment seeking a declaration that it owes no duty to defend or to indemnify under the Hartford Policies in connection with an

underlying class action lawsuit captioned *Saltzman et al. v. Pella Corporation and Pella Windows and Doors Inc.*, Case No. 06C4481 (U.S.D.C., N. Dist. Ill.) ("the *Saltzman* Lawsuit").

3. The Eighth Circuit Court of Appeals has already ruled that the *Saltzman* Lawsuit – the very same underlying Lawsuit that is at issue in this case – does not involve an "occurrence" under policy language that is identical to the language of the Hartford Policies. *See Liberty Mut. Ins. Co. v. Pella Corp. and Pella Windows and Doors, Inc.*, No. 10-1933/10-2065, 2011 U.S. App. LEXIS 17136 at *37 (8th Cir. Aug. 18, 2011) ("*Liberty v. Pella*").

4. This binding precedent precludes Pella from re-litigating the exact same issue it has already litigated, and lost, in the *Liberty v. Pella* action.

5. Because there can be no disputed issue of material fact that the *Saltzman* Lawsuit does not involve an "occurrence" within the meaning of the Hartford Policies, Hartford is entitled to summary judgment in its favor.

WHEREFORE, Plaintiffs Hartford Casualty Insurance Company and Hartford Fire Insurance Company prays for entry of summary judgment in its favor declaring that:

  a. Hartford owes no duty to defend Pella for the *Saltzman* Lawsuit;

  b. Hartford owes no duty to indemnify Pella for the *Saltzman* Lawsuit; and

  c. Hartford is entitled to such other relief as this Court deems just and equitable.

Dated: November 23, 2011

Respectfully Submitted,

   /s/   Kent A. Gummert
Kent A. Gummert (AT0003032)
GAUDINEER, COMITO & GEORGE, L.L.P.
3737 Westown Parkway, Suite 2D
West Des Moines, IA 50266
Tel:       515-327-1750
Fax:      515-327-1250
Email:    kentgummert@qwestoffice.net

Dena Economou
Gerald E. Ziebell
KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC
150 South Wacker Drive, Suite 1700
Chicago, IL 60606
Tel:       312-431-3700
Fax:      312-431-3670
Email:    deconomou@karballaw.com
            gziebell@karballaw.com

ATTORNEYS FOR PLAINTIFFS
HARTFORD CASUALTY INSURANCE
COMPANY and HARTFORD FIRE
INSURANCE COMPANY