# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and HARTFORD FIRE INSURANCE COMPANY,<br><br>      Plaintiffs,<br><br>v.<br><br>PELLA WINDOWS AND DOORS, INC.,<br><br>      Defendant. | Case No: 4:11-cv-00502-RP-TJS<br><br>HARTFORD CASUALTY INSURANCE COMPANY AND HARTFORD FIRE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>*ORAL ARGUMENT REQUESTED* |

Kent A. Gummert (AT0003032)
GAUDINEER, COMITO & GEORGE, L.L.P.
3737 Westown Parkway, Suite 2D
West Des Moines, IA 50266
Tel:     515-327-1750
Fax:    515-327-1250
Email:  kentgummert@qwestoffice.net

Dena Economou
Gerald E. Ziebell
KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC
150 South Wacker Drive, Suite 1700
Chicago, IL 60606
Tel:     312-431-3700
Fax:    312-431-3670
Email:  deconomou@karballaw.com
            gziebell@karballaw.com

# **TABLE OF CONTENTS**

INDEX TO AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

UNDISPUTED FACTS ........................................................................................................... 2

    A.    The Hartford Policies ............................................................................................ 2

    B.    The *Saltzman* Lawsuit .......................................................................................... 3

    C.    The Eighth Circuit's Ruling that the *Saltzman* Lawsuit Does Not Involve an "Occurrence" Under Iowa Law ........................................................................... 4

ARGUMENT ............................................................................................................................ 5

    A.    Pella Is Barred from Re-litigating Whether the *Saltzman* Lawsuit Involves "Property Damage" Caused by an "Occurrence." ............................................... 6

    B.    The *Saltzman* Lawsuit Does Not Allege "Property Damage" Caused by an "Occurrence." ....................................................................................................... 8

CONCLUSION ...................................................................................................................... 10

# **INDEX TO AUTHORITIES**

**Cases**                                                                     **Page**

*Austin v. Super Valu Stores, Inc.*, 31 F. 3d 615 (8th Cir. 1994) ........................................................6

*Cremona v. R.S. Bacon Veneer Co.*, 433 F.3d 617 (8th Cir. 2006) ...................................................5

*Ellenshohn v. American Family Mutual. Ins. Co.*, 96 F.3d 1075 (8th Cir. 1996) ............................9

*Liberty Mutual Insurance Co. v. Pella Corp. and Pella Windows and Doors, Inc.*,
   No. 10-1933/10-2065, 2011 U.S. App. LEXIS 17136 (8th Cir. Aug. 18, 2011) ..... 1, 4, 6, 7, 8, 9

*McFarland v. McFarland*, No. C08-40470MWB, No. C09-4047-MWB, 2011
   U.S. Dist. LEXIS 106941 (N.D. Iowa Sept. 20, 2011) ................................................................6

*Modern Equipment Co. v. Continental Western Insurance. Co.,* 355 F.3d 1125
   (8th Cir. 2004)................................................................................................................................5

*Plough v. West. Des Moines Community School District.*, 70 F.3d 512 (8th Cir.
   1995) ..............................................................................................................................................6

*Pursell Construction., Inc. v. Hawkeye-Security Insurance. Co.*, 596 N.W.2d 67
   (Iowa 1999) ................................................................................................................................8, 9

*Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92 (Iowa 2011) .............................................................6

*Thirty & 141, L.P. v. Lowe's Home Centers, Inc.,* 565 F.3d 443 (8th Cir. 2009) ............................5

*Timmerman v. Eich*, No. C 09-3072-MWB, No. 2011 U.S. Dist. LEXIS 102648
   (N.D. Iowa Sept. 12, 2011).............................................................................................................5

*W.C. Stewart Construction., Inc. v. Cincinnati Insurance Co.*, 770 N.W.2d 850
   (Iowa Ct. Apr. 8, 2009) ..................................................................................................................9

*Yegge v. Integrity Mutual. Insurance Co.*, 534 N.W.2d 100 (Iowa 1995) .......................................9

## INTRODUCTION

In this declaratory judgment action, Hartford Casualty Insurance Company ("Hartford Casualty") and Hartford Fire Insurance Company ("Hartford Fire") (collectively, "Hartford") seek a judgment that Hartford owes no duty to defend or indemnify its insured, Pella Windows and Doors, Inc. ("Pella") in connection with an underlying class action lawsuit captioned *Saltzman, et al. v. Pella Corporation and Pella Windows and Doors Inc.*, Case No. 06C4481 (U.S.D.C., N. Dist. Ill.) ("the *Saltzman* Lawsuit"). Hartford issued insurance policies ("Hartford Policies") to Pella for the time period 12/1/93-9/1/98. In the *Saltzman* Lawsuit, the underlying plaintiffs allege that Pella knowingly supplied its customers with inherently defective windows.

The Hartford Policies do not provide coverage in the absence of an "occurrence." The Eighth Circuit Court of Appeals has already ruled that the *Saltzman* Lawsuit – the very same underlying Lawsuit that is at issue in this case – does not involve an "occurrence" under policy language that is identical to the language of the Hartford Policies. *See Liberty Mut. Ins. Co. v. Pella Corp. and Pella Windows and Doors, Inc.*, No. 10-1933/10-2065, 2011 U.S. App. LEXIS 17136 at *37 (8th Cir. Aug. 18, 2011) ("*Liberty v. Pella*"). This binding precedent precludes Pella from re-litigating the exact same issue it has already litigated, and lost, in the *Liberty v. Pella* action. Because there is no disputed issue of material fact that the *Saltzman* Lawsuit does not involve an "occurrence," Hartford respectfully requests that this Court enter summary judgment in its favor and declare that Hartford owes no obligation to defend or indemnify Pella for the *Saltzman* Lawsuit.

**UNDISPUTED FACTS**

A.  **The Hartford Policies**

Hartford issued Commercial General Liability policies to Pella effective from December 1, 1993 through September 1, 1998 (the "Hartford Policies").[1]  The Hartford Policies each contain the following Insuring Agreement:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE**

1.   **Insuring Agreement.**

   a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

   b.  This insurance applies to "bodily injury" and "property damage" only if:

   (1) ***The "bodily injury" or "property damage" is caused by an "occurrence"*** that takes place in the "coverage territory"; and
   (2) The "bodily injury" or "property damage" occurs during the policy period.

*(emphasis added).* (Hartford Policies Coverage Forms at page 1, Hartford's App. 8, 24, 41, 58, and 76.)  As the above language demonstrates, the Hartford Policies do not apply in the absence of an "occurrence," which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  (Hartford Policies Coverage Forms at page 11, Hartford's App. 18, 34, 51, 68, and 86.)

---

[1] Hartford Fire issued the following Commercial General Liability policies to Pella: 83 UEN MS1051E effective 12/01/93 to 12/01/94, and 91 UEN MX9993 effective 12/01/94 to12/01/95.  Hartford Casualty issued the following Commercial General Liability policies to Pella: 91 UEN MX9993 effective 12/01/95 to 12/01/96, 91 UEN GS8345 effective 12/01/96 to 09/01/97, and 91 UEN GS8345 effective 09/01/97 to 09/01/98.  *See* Coverage Forms for Hartford Policies attached hereto as Exhibits 1 through 5 to the Affidavit of Frederick W. Zwick, and which are filed as pages 3-88 of the Appendix to Hartford's motion for summary judgment ("Hartford's Appendix").  The policy language relevant to the instant motion is identical or materially indistinguishable in all of the Hartford Policies.

B.     **The *Saltzman* Lawsuit**

The *Saltzman* Lawsuit was filed on or about August 18, 2006, and the *Saltzman* First Amended Class Action Complaint ("*Saltzman* First Amended Complaint") was filed on November 8, 2006. (*See Saltzman* First Amended Complaint at page 29, Hartford's App. 117.) The *Saltzman* First Amended Complaint alleges, in its first numbered paragraph, that:

> Unknown to Plaintiffs and the Class, Pella aluminum-clad windows contain a latent defect that allows water to penetrate and leak behind the aluminum cladding, resulting in premature wood rot and other physical damage to both the window and main structure. Pella's acts and omissions in connection with its sale and delivery of these defective windows violate the consumer protection laws of the states of residence of Plaintiff and the class, and constitute common law fraud, breach of implied warranty, unjust enrichment and declaratory relief as appropriate.

(*Id.* at ¶ 1, Hartford's App. 89-90.)

The *Saltzman* First Amended Complaint further alleged that:

11.    This case concerns Pella's failure to disclose to purchasers of is aluminum clad windows and doors (collectively, "Pella windows") that there was a substantial risk those windows would develop leaks because the defect alleged herein, and that (a) the defect might not exhibit itself until after the warranty period expired, and that (b) if the latent defect did not exhibit itself until after the warranty period expired, Pella was not committing to repair it.

12.    In essence, Pella knew, prior to sale to Plaintiff and the Class that, for the indefinite future, there was a substantial risk that its aluminum clad windows would leak and would have wood rot. Nevertheless, Pella failed to disclose that risk and thereby deprived consumers of the opportunity to negotiate additional warranty coverage, negotiate a lower price to reflect the risk or simply avoid the risk altogether by purchasing a different manufacturer's windows. Thereafter, the undisclosed risk occurred – Plaintiffs' windows (and thousands of others) have leaked – and Plaintiffs and the Class have been damaged in the amount it will cost or they paid, to repair the condition.

(*Id.* at ¶¶ 11-12, Hartford's App. 91.)

The *Saltzman* First Amended Complaint further alleges that Pella "knew (or but for its reckless indifference would have known)" that its windows leaked and would continue to leak in the future but did not disclose such to prospective purchasers. (*Id.* at ¶¶ 17-18, Hartford's App. 92.)

The *Saltzman* First Amended Complaint consists of six counts, based on the allegations described above: (1) violation of Illinois Consumer Fraud and Deceptive Business Practices Act and substantially similar laws of certain other states; (2) violation of similar uniform deceptive trade practices acts; (3) common law fraud by omission; (4) breach of the implied warranty of merchantability; (5) unjust enrichment; and (6) declaratory relief. (*Id.* at ¶¶ 71-121, Hartford's App. 104-116.)

**C.   The Eighth Circuit's Ruling That the *Saltzman* Lawsuit Does Not Involve an "Occurrence" Under Iowa Law**

On August 18, 2011, the Eighth Circuit Court of Appeals ruled that the *Saltzman* Lawsuit does not allege an "occurrence," and therefore, the insurer in that case (Liberty) had no obligation to Pella under its policies.[2] (*Liberty v. Pella,* 2011 U.S. App. LEXIS 17136 at *37, Hartford's App. 135.) As the Eighth Circuit found:

> [a]ll of the claims in the *Saltzman* complaint derived from the allegation that Pella knew "that its windows contained an inherent defect that permitted [water] leakage. In both cases, the property damage – whether to the windows themselves or the structure of the building near the windows – was caused by a defect that Pella was alleged to have known about. Under Iowa law, such defective workmanship, as alleged in the . . . *Saltzman* Suit[], cannot be considered an occurrence, i.e., "an undesigned, sudden, and unexpected event."

---

[2] *Liberty v. Pella* was an appeal from United States District Court for the Southern District of Iowa, Central Division (*i.e.* this Court). Following the Eighth Circuit's August 18, 2011 opinion and its judgment entered that same day (Hartford's App. 137), Pella petitioned the Eighth Circuit for rehearing *en banc* and to certify the issues to the Iowa Supreme Court. The Eighth Circuit denied Pella's request for rehearing on October 13, 2011 (Hartford's App. 138) and denied Pella's request for certification on October 20, 2011 (Hartford's App. 140).

714239_2.DOC                                4

(*Id.,* Hartford's App. 135.) The Eighth Circuit's mandate in connection with its August 18, 2011 opinion and judgment was entered by the District Court on November 7, 2011. (*See* Hartford's Appendix 141-42.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "viewing the facts in the light most favorable to the non-movant, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Thirty & 141, L.P. v. Lowe's Home Ctrs., Inc.,* 565 F.3d 443, 446 (8th Cir. 2009). An insurance dispute, such as this action, is well suited for summary judgment because the construction of a policy is an issue of law for the court. *Modern Equip. Co. v. Cont'l W. Ins. Co.,* 355 F.3d 1125, 1128 (8th Cir. 2004). Moreover, the question of issue preclusion is "particularly appropriate for a determination on summary judgment." *Timmerman v. Eich*, No. C 09-3072-MWB, No. 2011 U.S. Dist. LEXIS 102648, at *37 (N.D. Iowa Sept. 12, 2011) (citing *Cremona v. R.S. Bacon Veneer Co.*, 433 F.3d 617, 620 (8th Cir. 2006)).

## ARGUMENT

Hartford is entitled to summary judgment based on the indisputable fact that the property damage claims alleged in the *Saltzman* Lawsuit do not arise out of an "occurrence" under the plain and unambiguous meaning of the Hartford Policies. As an initial matter, the doctrine of issue preclusion bars Pella from even attempting to re-litigate the "occurrence" issue in this action given that Pella has already fully litigated and lost that issue through appeal in the *Liberty v. Pella* case. Further, even if Pella could avoid issue preclusion (which it cannot), the indisputable fact remains that, under established Iowa law, the allegations in the *Saltzman* Lawsuit that Pella knowingly provided defective windows to its customers does not constitute an "occurrence" within the meaning of the Hartford Policies.

A.  **Pella Is Precluded From Re-litigating Whether the *Saltzman* Lawsuit Involves "Property Damage" Caused by an "Occurrence"**

The Eighth Circuit has already ruled that the *Saltzman* Lawsuit does not involve an "occurrence" under general liability policies that define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Liberty v. Pella,* 2011 U.S. App. LEXIS 17136 at *33, Hartford's App. 134.)  The language in the Hartford Policies is *identical* to the language that formed the basis for the Eighth Circuit's opinion.  (*See* definition of "occurrence" in Hartford Policies Coverage Forms at page 11, Hartford's App. 18, 34, 51, 68, and 86.)  Accordingly, the doctrine of issue preclusion bars Pella from re-litigating that same issue in this action.  Issue preclusion, also known as collateral estoppel, prevents a party from re-litigating an identical issue that it has already litigated and lost in a prior action.[3]  *See e.g. McFarland v. McFarland*, No. C08-40470MWB, No. C09-4047-MWB, 2011 U.S. Dist. LEXIS 106941 at *26, n.7 (N.D. Iowa Sept. 20, 2011) (citing *Plough v. W. Des Moines Cmty. Sch. Dist.*, 70 F.3d 512, 515 (8th Cir. 1995)).  Under Iowa law, issue preclusion applies where: (1) the issue in the present case and the prior action is identical, (2) the issue was raised and litigated in the prior action, (3) the issue was material and relevant to the disposition of the prior action, (4) the determination of the issue in the prior action was essential to the resulting judgment, (5) the opposing party in the earlier action was afforded a full and fair opportunity to litigate the issues of its negligence and proximate cause, and (6) no other circumstances are present that would justify granting the party resisting issue preclusion occasion to re-litigate the issues.  *Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 104 (Iowa 2011).

---

[3] In diversity cases, such as this, issue preclusion is governed by the law of the forum that provided the substantive law in the previous judgment. *Austin v. Super Valu Stores, Inc.*, 31 F. 3d 615, 617 (8th Cir. 1994).  Here, Iowa law applied to the *Liberty v. Pella* action and, therefore, to this case as well.

All of these issue preclusion factors are present in this case. The definition of "occurrence" in the Hartford Policies is identical to the definition of "occurrence" in the policies at issue in *Liberty v. Pella*. (Compare definition of "occurrence" in Hartford Policies Coverage Forms at page 11, Hartford's App. 18, 34, 51, 68, and 86 with *Liberty v. Pella* at *33, Hartford's App. 134.) Moreover, the same operative pleading in the *Saltzman* Lawsuit is at issue in both cases. Thus, the issue raised by Hartford's Motion for Summary Judgment is the exact same issue raised, litigated and ruled upon in *Liberty v. Pella*, specifically, whether the *Saltzman* Lawsuit alleges "property damage" caused by an "occurrence" under Iowa law. (Compare *Saltzman* First Amended Complaint at ¶¶ 11-17, Hartford's App. 91-92 with *Liberty v. Pella* at *5, *31-*38, Hartford's App. 127, 134-35.)

Further, the "occurrence" issue was material and relevant to the ultimate disposition of *Liberty v. Pella*, in that it formed the very basis of the Eighth Circuit's ruling regarding the insurer's summary judgment motion in that action. (*Liberty v. Pella*, at *37-*38, Hartford's App. 135.) Moreover, the Eighth Circuit's mandate to the District Court directed that court to enter judgment in favor of the insurer based on the finding that Liberty had no obligation to Pella under its policies because the *Saltzman* Lawsuit did not allege an "occurrence." (*Id.* at *38, Hartford's App. 135.)

Pella cannot contest that it was <u>not</u> afforded a full and fair opportunity to litigate the "occurrence" issue in *Liberty v. Pella*, given that the issue was fully briefed and argued before the District Court and the Eighth Circuit. (*Id.* at *31-*32, Harford's App. 134.) Moreover, the Eighth Circuit has already considered whether Pella should be given a second chance to re-argue the "occurrence" issue when it denied Pella's request for a rehearing or certification. (Order Denying Petition, Hartford's App. 138, and Order Denying Certification, Hartford's App. 140.)

Pella can assert no basis that would justify allowing Pella to re-litigate the "occurrence" issue where its appeal has been considered (and reconsidered) and rejected by a court with binding precedential authority over this Court. (*Liberty v. Pella*, 2011 U.S. App. LEXIS at *37-*38, Hartford's App. 135.)

The Eighth Circuit issued a clear mandate to the District Court in the *Liberty v Pella* case: The *Saltzman* Lawsuit "cannot be considered an occurrence." (*Id.* at *37, Hartford's App. 135, and Eighth Circuit Mandate, Hartford's App. 141-42.) Consistent with the Eighth Circuit's holding, Hartford is entitled to a judgment in its favor declaring that Hartford owes no defense or indemnity obligations to Pella for the *Saltzman* Lawsuit.

**B.     The *Saltzman* Lawsuit Does Not Allege "Property Damage" Caused by an "Occurrence"**

Even if Pella were not precluded from re-litigating the "occurrence" issue in this case, Pella cannot overcome controlling Iowa law that Pella's alleged conduct in knowingly providing defective windows to its customers does not constitute an "occurrence" within the meaning of the Hartford Policies. The Hartford Policies provide that potential coverage only exists for an "occurrence," which is defined, in relevant part, as an "accident." (Hartford Policies Coverage Forms at pages 1 and 11, Hartford's App. 8, 18, 24, 34, 41, 51, 58, 68, 76, and 86.)

Under Iowa law, when used in an insurance policy, the term "accident" means:

> An undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force. . . [G]iving to the word the meaning which a man of average understanding would, we think ["accident"] clearly implies a misfortune with concomitant damage to a victim, and not the negligence which eventually results in that misfortune.

*Pursell Constr., Inc. v. Hawkeye-Security Ins. Co.*, 596 N.W.2d 67, 70 (Iowa 1999).

None of the underlying plaintiffs in the *Saltzman* Lawsuit have alleged that their damages resulted from any non-intentional or accidental conduct on Pella's part. To the contrary, the

operative facts upon which all theories of recovery in the *Saltzman* Lawsuit are based are that Pella knew its windows contained a latent defect that would allow water leakage, that Pella fraudulently concealed that fact from the purchasers, and that Pella knew that warranties would expire by the time the purchasers noticed the problems caused by the defect. (*Saltzman* First Amended Complaint at ¶¶ 11-17, Hartford's App. 91-92.) Indeed, as the Eighth Circuit properly found, "all of the claims in the Saltzman complaint derived from the allegation that Pella knew 'that its window contained an inherent defect that permitted [water] leakage.'" (*Liberty v. Pella*, 2011 U.S. App. LEXIS at * 37, Hartford's App. 135.) There is simply nothing "accidental" about knowingly providing defective windows to customers.

Further, Iowa courts have consistently held in the construction defect context that a policyholder's failure to properly perform its contractual obligations to its customers does not constitute an occurrence, i.e., "an undesigned, sudden, and unexpected event." *See e.g., Pursell*, 596 N.W.2d at 70 ("If the [CGL] policy is construed as protecting a contractor against mere faulty or defective workmanship, the insurer becomes a guarantor of the insured's performance on the contract, and the policy takes on the attributes of a performance bond."), and *W.C. Stewart Constr., Inc. v. Cincinnati Ins. Co.*, 770 N.W.2d 850 (Iowa Ct. Apr. 8, 2009) [published in full-text format at 2009 Iowa App. LEXIS 273] (rejecting argument that defective workmanship claims constitute an "occurrence," because, to hold otherwise, "would improperly make the insurer a guarantor of the insured's work"); *see also, Yegge v. Integrity Mut. Ins. Co.*, 534 N.W.2d 100, 102 (Iowa 1995) (finding that claims alleging breach of contract, breach of implied warranties, and fraud are not "occurrences" because "none of [them] involved accidental conduct"), and *Ellensohn v. Am. Family Mut. Ins. Co.*, 96 F.3d 1075, 1075 (8th Cir. 1996) (Iowa law) (finding no "occurrence" where conduct giving rise to the claim was not accidental).

Issue preclusion aside, Pella cannot contest the merits of the Eighth Circuit's holding in *Liberty v. Pella*. Under settled Iowa law, Pella's knowingly faulty design or defective workmanship in the windows supplied to its customers cannot give rise to an "occurrence" or accident as is required under the Hartford Policies.

## **CONCLUSION**

There can be no material question of fact precluding summary judgment in Hartford's favor. Based on well-established Iowa law, and the Eighth Circuit's recent ruling in *Liberty v. Pella* (which is binding on this Court), the claims in the *Saltzman* Lawsuit simply do not arise out of an "occurrence" within the meaning of the Hartford Policies. Accordingly, Hartford respectfully requests that the Court enter a declaratory judgment declaring that Hartford owes no defense or indemnity obligation to Pella under the Hartford Policies with respect to the *Saltzman* Lawsuit.

Dated: November 23, 2011

                                          Respectfully Submitted,

                                              /s/   Kent A. Gummert
Kent A. Gummert AT0003032
3737 Westown Parkway, Suite 2D
West Des Moines, IA 50266
Telephone: 515-327-1750
Facsimile: 515-327-1250
E-mail: kentgummert@qwestoffice.net

Dena Economou
Gerald E. Ziebell
KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC
150 South Wacker Drive, Suite 1700
Chicago, Illinois 60606

ATTORNEYS FOR PLAINTIFFS
HARTFORD CASUALTY INSURANCE
COMPANY and HARTFORD FIRE
INSURANCE COMPANY