UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and HARTFORD FIRE INSURANCE COMPANY, | ) ) ) ) ) | Case No: 4:11-cv-00502-RP-TJS |
| Plaintiffs, | ) ) | STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT |
| v. | ) ) | OF HARTFORD CASUALTY INSURANCE COMPANY AND |
| PELLA WINDOWS AND DOORS, INC., | ) ) ) | HARTFORD FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |
| Defendant. | ) | |

Plaintiffs Hartford Casualty Insurance Company ("Hartford Casualty") and Hartford Fire Insurance Company ("Hartford Fire") (collectively, "Hartford"), pursuant to Local Rule 56.1(a)(3), sets forth the following statements of fact for which no genuine dispute exists regarding its Motion for Summary Judgment and Brief in Support:

1. Hartford issued a series of Commercial General Liability policies to Pella Windows & Doors, Inc. ("Pella"), effective from December 1, 1993 through September 1, 1998 (the "Hartford Policies") (*see* Affidavit of Frederick W. Zwick and Exhibits 1-5 thereto, Hartford's App. 3-88),[1] under which Pella seeks coverage for the lawsuit captioned *Dr. Leonard E. Saltzman, et al. v. Pella Corporation and Pella Windows and Doors, Inc.,* Case

---

[1] Hartford Fire issued the following Commercial General Liability policies to Pella: 83 UEN MS1051E effective 12/01/93 to 12/01/94, and 91 UEN MX9993 effective 12/01/94 to 12/01/95. Hartford Casualty issued the following Commercial General Liability policies to Pella: 91 UEN MX9993 effective 12/01/95 to 12/01/96, 91 UEN GS8345 effective 12/01/96 to 09/01/97, and 91 UEN GS8345 effective 09/01/97 to 09/01/98. *See* Coverage Forms for Hartford Policies attached hereto as Exhibits 1 through 5 to the Affidavit of Frederick W. Zwick, pages 1-88 of the Appendix to Hartford's motion for summary judgment ("Hartford's Appendix"). The policy language relevant to the instant motion is identical or materially indistinguishable in all of the Hartford Policies.

No. 06 C 4481, United States District Court for the Northern District of Illinois, Eastern Division ("*Saltzman* Lawsuit").

2. The Hartford Policies each contain the following Insuring Agreement:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE**

**1.   Insuring Agreement.**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence that takes place in the "coverage territory"; and
(2) The "bodily injury" or "property damage" occurs during the policy period.

(Hartford Policies Coverage Forms at page 1, Hartford's App. 8, 24, 41, 58, and 76.)

3. The Hartford Policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Hartford Policies Coverage Forms at page 11, Hartford's App. 18, 34, 51, 68, and 86.)

4. The *Saltzman* Lawsuit was filed on or about August 18, 2006 and the *Saltzman* First Amended Class Action Complaint ("*Saltzman* First Amended Complaint") was filed on November 8, 2006.[2] (*Saltzman* First Amended Complaint at page 29, Hartford's App. 117.)

5. The allegations in the *Saltzman* First Amended Complaint (Hartford's App. 89-125) set forth causes of action for: (1) violation of Illinois Consumer Fraud and Deceptive Business Practices Act and substantially similar laws of certain other states; (2) violation of similar uniform deceptive trade practices acts; (3) common law fraud by omission; (4) breach of

---

[2] The *Saltzman* First Amended Complaint is the operative pleading in the *Saltzman* Lawsuit.

the implied warranty of merchantability; (5) unjust enrichment; and (6) declaratory relief. (*Id.* at ¶¶ 71-121, Hartford's App. 104-116.)

6. The United States Court of Appeals for the Eighth Circuit recently decided the issue in this matter in *Liberty Mutual Insurance Company v. Pella Corporation and Pella Windows and Doors, Inc.* No. 10-1933/10-2065, 2011 U.S. App. LEXIS 17136 (8th Cir. Aug. 18, 2011) ("*Liberty v. Pella*"). (Hartford's App. 126-36.)

7. The Eighth Circuit's opinion held that *Saltzman* Lawsuit did not allege an "occurrence," under policies with the same definition of "occurrence" as the Hartford Policies, and therefore, the insurer in that case had no obligation to Pella under its policies. (*Id.* at *37-*38, Hartford's App. 135.)

8. Pella petitioned the Eighth Circuit for rehearing, rehearing *en banc*, and to certify the issues to the Iowa Supreme Court, but the Eighth Circuit denied Pella's requests for rehearing and for certification. (Eighth Circuit's Orders denying Pella's petitions for rehearing, Hartford's App. 138, and certification, Hartford's App. 140.)

9. The Eighth Circuit's mandate in connection with its August 18, 2011 opinion and judgment was entered by the District Court on November 7, 2011, making the Eighth Circuit's opinion and judgment final. (Eighth Circuit Mandate, Hartford's App. 140-42.)

Dated: November 23, 2011

Respectfully Submitted,

   /s/   Kent A. Gummert
Kent A. Gummert (AT0003032)
GAUDINEER, COMITO & GEORGE, L.L.P.
3737 Westown Parkway, Suite 2D
West Des Moines, IA 50266
Tel:       515-327-1750
Fax:      515-327-1250
Email:    kentgummert@qwestoffice.net

Dena Economou
Gerald E. Ziebell
KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC
150 South Wacker Drive, Suite 1700
Chicago, IL 60606
Tel:       312-431-3700
Fax:      312-431-3670
Email:    deconomou@karballaw.com
             gziebell@karballaw.com

ATTORNEYS FOR PLAINTIFFS
HARTFORD CASUALTY INSURANCE
COMPANY and HARTFORD FIRE
INSURANCE COMPANY