IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and HARTFORD FIRE INSURANCE COMPANY,<br><br>　　Plaintiffs,<br><br>v.<br><br>PELLA WINDOWS AND DOORS, INC.,<br><br>　　Defendant | Case No. 4:11-CV-00502 RP-TJS<br><br>**MOTION TO EXTEND TIME FOR DEFENDANT TO FILE RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

　　Defendant Pella Windows and Doors, Inc. ("Pella"), moves the Court to extend the time for Pella to file its response to the Plaintiffs' Motion for Summary Judgment. Plaintiffs filed a motion for summary judgment on November 23, 2011. Through the Court's ECF system, the parties were notified that Pella must file its response to the motion by December 19, 2011. Currently, Pella's deadline to answer, move or otherwise respond to Plaintiffs' complaint is one day later on December 20, 2011. Pella intends on that date to make a jurisdictional motion which, if granted, will result in the Court declining to exercise jurisdiction over the substantive issues raised by Plaintiff's premature motion for summary judgment. Accordingly, Pella requests that the Court extend the time for Pella to respond to the pending motion for summary judgment until a date after the Court hears and decides Pella's jurisdictional motion to dismiss.

　　The Advisory Committee Notes to the 2010 amendments to Fed. R. Civ. P. 56 states that "in many cases the motion [for summary judgment] will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." That is precisely the situation presented here. Pella has filed an action captioned *Pella Corporation and*

*Pella Windows and Doors, Inc. v. American Casualty Company of Reading, PA, et al.,* in the Superior Court of the State of Delaware in and for New Castle County, C.A. No.: N11C-10-223 JRS [CCLD], in which Pella seeks an adjudication of its defense and/or indemnification rights under multiple insurance policies pertaining to the same matters at issue in this litigation. A copy of Pella's Delaware complaint is attached as Exhibit A. The Plaintiffs in this case and 13 other insurers are defendants in the Delaware action. Some of the insurers that are not parties to this action but are defendants in the Delaware action have policy language similar to that in Plaintiffs' policies. In the Delaware action Pella seeks to adjudicate its rights under the insurance policies in a uniform manner at the least possible cost to the parties and the Courts. Because there is a lack of complete diversity of citizenship among the parties, no Federal Court could have jurisdiction of the Delaware action. Pella advises this Court that it intends to file by December 20, 2011 a Motion to Dismiss or to stay this proceeding, requesting that this Court abstain from exercising jurisdiction over this proceeding pending determination of the parties' respective rights in the Delaware action.

In light of Pella's anticipated motion, and as contemplated by the Advisory Committee Notes to Fed. R. Civ. P. 56, Plaintiffs' motion for summary judgment is premature until this Court determines whether it will exercise jurisdiction over this proceeding. If the Court grants Pella's motion to dismiss or stay this action, then no answer or responsive pleading will be due from Pella in this proceeding and accordingly, there will be no need for Pella to respond to Plaintiffs' Motion for Summary Judgment. Plaintiffs would be free to seek relief in the Delaware action. If, however, the Court denies Pella's motion to dismiss or stay this action, then Pella anticipates the Court will set a deadline for Pella to file an Answer to the Complaint. In

that event, Pella requests that its response to Plaintiffs' Motion for Summary Judgment should be due 21 days after the date by which its Answer must be filed.

Pella has consulted with Plaintiffs'' counsel concerning this motion, and has been advised that Plaintiffs will oppose the motion. Plaintiffs indicated a willingness to extend the deadline for responding to their motion, but oppose delaying briefing on the motion until after the Court resolves Pella's jurisdictional motion.

WHEREFORE, for the reasons set forth above, Pella requests that the Court extend Pella's deadline to respond to Plaintiffs' Motion for Summary Judgment until 21 days after any date by which Pella is required by this Court to file an Answer to the Complaint.

Respectfully Submitted,

BELIN McCORMICK, P.C.

By   */s/ Richard W. Lozier, Jr.*
     Richard W. Lozier, Jr.

666 Walnut Street, Suite 2000
Des Moines, Iowa  50309-3989
Telephone:  (515) 283-4636
Facsimile:  (515) 558-0636
Email:  rwlozier@belinmccormick.com

KASOWITZ, BENSON,
   TORRES & FRIEDMAN LLP
Robin L. Cohen
Keith McKenna
1633 Broadway
New York, NY  10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Email:  rcohen@kasowitz.com
            kmckenna@kasowitz.com

ATTORNEYS FOR DEFENDANT
PELLA WINDOWS AND DOORS, INC.

-4-

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on December 2, 2011 by

☐ U.S. Mail ☐ FAX

☐ Hand Delivered ☐ Electronic Mail

☐ FedEx/ Overnight Carrier ■ CM / ECF

Kent A. Gummert
Gaudineer, Comito & George, L.L.P.
3737 Westown Pkwy, Ste. 2D
West Des Moines, Iowa 50266

Dena Economou
Gerald E. Ziebell
KARBALL, COHEN, ECONOMOU, SILK & DUNNE, LLC
150 South Wacker Dr., Ste. 1700
Chicago, Illinois 60606

Signature:    */s/ Laura A. Brustkern*

BELIN\P0648\0003\pld Mot to extend re response to MSJ rwl (01161293).DOC